# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: 1:14–cv–00147–PB

| | |
|---|---|
| Sig Sauer, Inc. v. US Bureau of Alcohol, Tobacco, Firearms and Explosives, Director | Date Filed: 04/07/2014 |
| | Date Terminated: 09/24/2015 |
| Assigned to: Judge Paul J. Barbadoro | Jury Demand: None |
| Cause: 05:702 Administrative Procedure Act | Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **Sig Sauer, Inc.** | represented by | **Stephen P. Halbrook** |
| | | Hallbrook Law Office |
| | | 3925 Chain Bridge Rd, Ste 403 |
| | | Fairfax, VA 22030 |
| | | 703 352–7276 |
| | | Email: protell@aol.com |
| | | *LEAD ATTORNEY* |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Kenton James Villano** |
| | | McLane Graf Raulerson &Middleton PA (Manchester) |
| | | 900 Elm St |
| | | PO Box 326 |
| | | Manchester, NH 03105–0326 |
| | | 603 628–1180 |
| | | Email: kenton.villano@mclane.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Mark C. Rouvalis** |
| | | McLane Graf Raulerson &Middleton PA (Manchester) |
| | | 900 Elm St |
| | | PO Box 326 |
| | | Manchester, NH 03105–0326 |
| | | 603 628–1329 |
| | | Email: mark.rouvalis@mclane.com |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director** | represented by | **T. David Plourde** |
| | | US Attorney's Office (NH) |

*other*
B. Todd Jones

James C Cleveland Federal Bldg
53 Pleasant St, 4th Flr
Concord, NH 03301
603 225−1552
Fax: 603 225−1470
Email: david.plourde@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William Ryan**
Bureau of Alcohol Tobacco Firearms
&Explosives
Office of Chief Counsel
244 Needy Rd, Rm 1119
Martinsburg, WV 25405
304 260−1509
Email: william.ryan@atf.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/07/2014 | 1 | | NEW CASE/ COMPLAINT. Filing fee $ 400, receipt number 0102−1096024 filed by Sig Sauer, Inc. (Attachments: #1 Exhibit A − Sig Sauer Letter dated 4/4/14, #2 Exhibit B − FTB Letter dated 8/26/14, #3 Exhibit C − Sig Sauer letter dated 12/6/13, #4 Exhibit D − FTB letter dated 2/21/14, #5 Civil Cover Sheet, #6 Summons − Waiver)(Rouvalis, Mark) (Entered: 04/07/2014) |
| 04/08/2014 | | | Case assigned to Judge Paul J. Barbadoro. The case designation is: 1:14−cv−147−PB. Please show this number with the judge designation on all future pleadings. (jeb) (Entered: 04/08/2014) |
| 04/08/2014 | | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE.(jeb) (Entered: 04/08/2014) |
| 04/08/2014 | | | **ORDER REGARDING VISITING ATTORNEY: The Local Rules for the District of New Hampshire provide that an attorney may, at the discretion of the court, on motion by a member of our bar, be permitted to practice before this court in a particular action. Any attorney so admitted shall at all times be associated with a member of the bar of this court. Our records indicate that no motion for pro hac vice admission of Stephen P. Halbrook, Esq., has been received. Unless said motion with the required fee is filed within thirty (30) days, the case may be referred to a judicial officer for appropriate action. ORDER Signed by Daniel J. Lynch, Clerk of Court. Notice of Compliance Deadline set for 5/12/2014.(jeb)** (Entered: 04/08/2014) |
| 04/08/2014 | 2 | | Summons issued electronically as to US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director. **NOTICE: Counsel shall print and serve the summons and all attachments in accordance with Fed. R. Civ.** |

| | | |
|---|---|---|
| | | **P. 4.** (Attachments: #_1 Notice ECF)(jeb) (Entered: 04/08/2014) |
| 04/08/2014 | _3 | Disclosure Statement by Sig Sauer, Inc. disclosing a parent company, no publicly traded company, and no merger agreement. (Rouvalis, Mark) (Entered: 04/08/2014) |
| 04/08/2014 | _4 | MOTION for Stephen P. Halbrook to Appear Pro Hac Vice (Filing fee $ 100, Receipt # 0102−1096332.) filed by Sig Sauer, Inc.. Follow up on Objection on 4/25/2014. (Attachments: #_1 Exhibit (Affidavit) Affidavit of Holbrook)(Rouvalis, Mark) (Entered: 04/08/2014) |
| 04/08/2014 | | NOTICE of ECF Filing Error re:_4 MOTION for Stephen P. Halbrook to Appear Pro Hac Vice filed by Sig Sauer, Inc. Consistent with Supplemental Rules of Electronic Case Filing, affidavits prepared in the context of the litigation shall be filed in electronically converted PDF format and shall contain a /s/ signature for both the signator and the notary/jurat. NO ACTION REQUIRED – FOR INFORMATIONAL PURPOSES ONLY AND MERELY INTENDED TO EDUCATE ALL PARTIES IN THE CASE. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603−225−1423.(vln) (Entered: 04/08/2014) |
| 04/09/2014 | | **ENDORSED ORDER granting _4 Motion to Appear Pro Hac Vice. *Text of Order: Granted on the condition that Stephen P. Halbrook complete an online ECF Registration Form within 10 days.* So Ordered by Judge Paul J. Barbadoro. ECF Registration Deadline set for 4/24/2014.To access the online registration form, click_ HERE.** Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click_ HERE.(jna) (Entered: 04/09/2014) |
| 04/15/2014 | _5 | REQUEST FOR ISSUANCE OF SUMMONS/WAIVER by All Plaintiffs (Attachments: #_1 Summons – Waiver Additional Summons)(Rouvalis, Mark) (Entered: 04/15/2014) |
| 04/15/2014 | _6 | Summons(es) issued electronically as to US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director. **NOTICE: Counsel shall print and serve the summons(es) _and_ all attachments in accordance with Fed. R. Civ. P. 4.** (Attachments: #_1 ECF Notice)(vln) (Entered: 04/15/2014) |
| 05/21/2014 | _7 | NOTICE of Attorney Appearance by Kenton James Villano on behalf of Sig Sauer, Inc. Attorney Kenton James Villano added to party Sig Sauer, Inc.(pty:pla).(Villano, Kenton) (Entered: 05/21/2014) |
| 05/21/2014 | _8 | AFFIDAVIT of Service of Summons and Complaint as to Sig Sauer, Inc. filed by Sig Sauer, Inc.. Served/Mailed on 4/17/2014. Answer Follow Up on 5/12/2014. (Attachments: #_1 Exhibit Return Receipt, B Todd Jones, #_2 Exhibit Return Receipt, Civil Clerk, U.S. Atty Office, #_3 Exhibit Return Receipt, Eric H. Holder, Atty General)(Villano, Kenton) (Entered: 05/21/2014) |
| 05/23/2014 | | NOTICE of ECF Filing Error re:_8 Affidavit of Service, filed by Sig Sauer, Inc. Filer used the wrong event. Filer should have used Service of Process / Return of Service as to USA. NO ACTION REQUIRED – FOR INFORMATIONAL PURPOSES ONLY AND MERELY INTENDED TO EDUCATE ALL PARTIES IN THE CASE. If the filing party has any |

| | | | |
|---|---|---|---|
| | | | questions concerning this notice, please contact the judge's case manager at 603–226–7733.(vln) (Entered: 05/23/2014) |
| 05/23/2014 | | | Return of Service Executed as to US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director by Sig Sauer, Inc. Served/Mailed on 5/1/2014. Answer Follow Up on 7/7/2014.(vln) (Entered: 05/23/2014) |
| 06/09/2014 | 9 | | Joint Assented to MOTION to Stay *Litigation Pending Reconsideration by Defendant of Muzzle Device Classification* filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director. Attorney T. David Plourde added to party US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director(pty:dft). (Attachments: # 1 Proposed Order)(Plourde, T.) (Entered: 06/09/2014) |
| 06/09/2014 | | | **ENDORSED ORDER granting 9 Motion to Stay. *Text of Order: Granted.* So Ordered by Judge Paul J. Barbadoro.(jna)** (Entered: 06/09/2014) |
| 09/09/2014 | 10 | | Joint Assented to MOTION to Continue and Extend Deadlines The Stay of Litigation and Amend Schedule filed by Sig Sauer, Inc..(Villano, Kenton) (Entered: 09/09/2014) |
| 09/10/2014 | | | **ENDORSED ORDER granting 10 Motion to Continue and Extend Deadlines. *Text of Order: Granted.* So Ordered by Judge Paul J. Barbadoro.(jna)** (Entered: 09/10/2014) |
| 10/06/2014 | 11 | | AMENDED COMPLAINT against US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director *B. Todd Jones,* filed by Sig Sauer, Inc..(Villano, Kenton) (Entered: 10/06/2014) |
| 10/20/2014 | 12 | | Assented to MOTION to Extend Time to File Administrative Record to November 3, 2014 filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director.(Plourde, T.) (Entered: 10/20/2014) |
| 10/20/2014 | 13 | | ANSWER to 11 Amended Complaint filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director.(Plourde, T.) (Entered: 10/20/2014) |
| 10/21/2014 | | | **ENDORSED ORDER granting 12 Motion to Extend Time To File Administrative Record. *Text of Order: Granted.* So Ordered by Judge Paul J. Barbadoro. Miscellaneous Deadline set for 11/3/2014.(jna)** (Entered: 10/21/2014) |
| 11/03/2014 | 14 | | NOTICE of Conventional Filing *of Administrative Record* by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director.(Plourde, T.) (Entered: 11/03/2014) |
| 11/03/2014 | 15 | | Administrative Record filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director. Administrative Record maintained conventionally in Clerks Office.(mxm) (Entered: 11/06/2014) |
| 11/13/2014 | | | NOTICE OF PRETRIAL CONFERENCE. Pretrial Conference set for 12/16/2014 11:30 AM before Magistrate Judge Andrea K. Johnstone. Follow up on Discovery Plan 12/10/2014. Please note pursuant to Title 28 USC 636(c) and Local Rule 73.1, the parties may consent to have the case reassigned to the Magistrate Judge, but are free to withhold consent without adverse consequences.(kad) (Entered: 11/13/2014) |

| 12/02/2014 | 16 | | Proposed Discovery Plan filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director. (Plourde, T.) (Entered: 12/02/2014) |
|---|---|---|---|
| 12/12/2014 | | | **ENDORSED ORDER approving in part 16 Discovery Plan. Case Track: Administrative. PRETRIAL CONFERENCE CANCELLED.** *Text of Order: Approved and adopted as a pretrial scheduling order with the following modifications–upon index to supplement the administrative record on or before the date that both parties have filed their summary judgment motions. Trial: To the extent this case is not fully resolved on cross motions for summary judgment, trial is scheduled for the two week period beginning June 2, 2015. The pretrial conference scheduled for December 16, 2014 is cancelled.* **So Ordered by Magistrate Judge Andrea K. Johnstone. Summary Judgment Motions due by 1/9/2015. Miscellaneous Deadline set for 1/9/2015.**(js) (Entered: 12/12/2014) |
| 12/12/2014 | | | TRIAL NOTICE: Bench Trial set for the two–week period beginning 6/2/2015 09:00 AM before Judge Paul J. Barbadoro. Final Pretrial Conference set for 5/22/2015 02:00 PM before Judge Paul J. Barbadoro. Pretrial Statements due 5/4/2015. LR 16.2(d) Objections due 5/18/2015. Summary Judgment Motions due by 1/9/2015.(js) (Entered: 12/12/2014) |
| 12/15/2014 | 17 | | Index to the Administrative Record by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director(Plourde, T.) (Entered: 12/15/2014) |
| 01/09/2015 | 18 | | MOTION for Summary Judgment filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director. Attorney William Ryan added to party US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director(pty:dft). Follow up on Objection on 2/12/2015. (Attachments: #1 Memorandum of Law)(Ryan, William) (Entered: 01/09/2015) |
| 01/09/2015 | 19 | | MOTION for Summary Judgment filed by Sig Sauer, Inc.. **HEARING REQUESTED.** Follow up on Objection on 2/12/2015. (Attachments: #1 Memorandum of Law)(Villano, Kenton) (Entered: 01/09/2015) |
| 02/09/2015 | 20 | | OBJECTION to 18 MOTION for Summary Judgment filed by Sig Sauer, Inc.. (Villano, Kenton) (Entered: 02/09/2015) |
| 02/10/2015 | 21 | | Assented to MOTION for Leave to File Defendant's Objection to Plaintiff's Motion for Summary Judgment *Late* filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director. (Attachments: #1 Exhibit Obj. to Plaintiff's Motion for Summary Judgment)(Plourde, T.) (Entered: 02/10/2015) |
| 02/11/2015 | | | **ENDORSED ORDER granting 21 Motion for Leave to File Late Objection..** *Text of Order: Granted. Within 48 hours counsel shall electronically refile the pleading attached to the Motion for Leave to File using the appropriate event in CMECF.* **So Ordered by Judge Paul J. Barbadoro.**(jna) (Entered: 02/11/2015) |
| 02/11/2015 | 22 | | OBJECTION to 19 MOTION for Summary Judgment filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director. (Ryan, William) (Entered: 02/11/2015) |
| 02/27/2015 | 23 | | REPLY to Objection to Motion re 19 MOTION for Summary Judgment filed |

| | | | by Sig Sauer, Inc.. (Villano, Kenton) (Entered: 02/27/2015) |
|---|---|---|---|
| 03/02/2015 | 24 | | REPLY to Objection to Motion re 18 MOTION for Summary Judgment , 19 MOTION for Summary Judgment filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director. (Ryan, William) (Entered: 03/02/2015) |
| 03/02/2015 | 25 | | Assented to MOTION to Amend 15 Administrative Record–Generic filed by Sig Sauer, Inc.. (Attachments: # 1 Exhibit Amended Administrative Record (ATF 859–881))(Villano, Kenton) (Entered: 03/02/2015) |
| 03/03/2015 | | | **ENDORSED ORDER granting 25 Motion to Amend 15 Administrative Record–Generic.** *Text of Order: Granted.* **So Ordered by Judge Paul J. Barbadoro.**(jna) (Entered: 03/03/2015) |
| 04/29/2015 | 26 | | Joint MOTION to Continue and Extend Deadlines Deadlines and Trial Date filed by Sig Sauer, Inc.. Follow up on Objection on 5/18/2015.(Villano, Kenton) (Entered: 04/29/2015) |
| 04/29/2015 | | | ACTION REQUIRED – NOTICE Nonconforming Document re 26 Joint MOTION to Continue and Extend Deadlines Deadlines and Trial Date filed by Sig Sauer, Inc.. The document fails to comply with LR 7.2–Extension requests that would result in the extension of other pending deadlines in a case must be accompanied by a completed Civil Form 3. File the completed form as addendum using the Other Documents/Addendum event and link filing(s) to document no. 26. The document will remain on file. Please note that unless a document curing the defect is filed by the Notice of Compliance Deadline the matter may be referred to a judicial officer for appropriate action. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603–226–7733. Notice of Compliance Deadline set for 5/14/2015.(vln) (Entered: 04/29/2015) |
| 04/30/2015 | 27 | | Addendum/ to 26 Joint MOTION to Continue and Extend Deadlines Deadlines and Trial Date by Sig Sauer, Inc.. (Villano, Kenton) (Entered: 04/30/2015) |
| 04/30/2015 | | | **ENDORSED ORDER granting 26 Motion to Continue and Extend Deadlines.** *Text of Order: Granted.* **So Ordered by Judge Paul J. Barbadoro.**(vln) (Entered: 04/30/2015) |
| 04/30/2015 | | | TRIAL NOTICE: Bench Trial set for the two–week period beginning 8/4/2015 09:30 AM before Judge Paul J. Barbadoro. Final Pretrial Conference set for 7/21/2015 03:00 PM before Judge Paul J. Barbadoro. Pretrial Statements due 7/1/2015. LR 16.2(d) Objections due 7/15/2015. (vln) (Entered: 04/30/2015) |
| 06/16/2015 | | | NOTICE: Motion Hearing set for 6/24/2015 10:00 AM re: 19 MOTION for Summary Judgment , 18 MOTION for Summary Judgment before Judge Paul J. Barbadoro.(vln) (Entered: 06/16/2015) |
| 06/22/2015 | 28 | | Assented to MOTION for Hearing re Notice of Hearing on Motion *Motion to Reschedule Hearing to July 21, 2015* filed by Sig Sauer, Inc..(Villano, Kenton) (Entered: 06/22/2015) |
| 06/24/2015 | | | **ENDORSED ORDER granting in part 28 Motion to Reschedule Hearing re: 19 MOTION for Summary Judgment, and 18 MOTION for Summary.** *The hearing shall be rescheduled to July 17 at 2:00 PM.* **So** |

| | | | |
|---|---|---|---|
| | | | **Ordered by Judge Paul J. Barbadoro.(vln)** (Entered: 06/24/2015) |
| 06/24/2015 | | | NOTICE re: 19 MOTION for Summary Judgment , 18 MOTION for Summary Judgment Motion Hearing reset for 7/17/2015 02:00 PM before Judge Paul J. Barbadoro.(vln) Modified on 6/24/2015 to Correct date of hearing.(vln). (Entered: 06/24/2015) |
| 06/25/2015 | | | RESCHEDULING NOTICE of Hearing. Final Pretrial Conference set for 7/17/2015 04:00 PM before Judge Paul J. Barbadoro. (vln) (Entered: 06/25/2015) |
| 07/01/2015 | 29 | | Assented to MOTION to Stay *Proceedings Pending Hearing on Motions for Summary Judgment* filed by US Bureau of Alcohol, Tobacco, Firearms, and Explosives, Director.(Plourde, T.) (Entered: 07/01/2015) |
| 07/02/2015 | 30 | | **ENDORSED ORDER granting 29 Motion to Stay. *Text of Order: Granted.* So Ordered by Judge Paul J. Barbadoro.(jna)** (Entered: 07/02/2015) |
| 07/17/2015 | | | Minute Entry for proceedings held before Judge Paul J. Barbadoro. MOTION HEARING held on 7/17/2015 re 18 MOTION for Summary Judgment , 19 MOTION for Summary Judgment . Order to issue. (Court Reporter: Sandra Bailey) (Pltfs Atty: Stephen P. Halbrook) (Defts Atty: William Ryan)(Total Hearing Time: 2:40) (vln) (Entered: 07/20/2015) |
| 08/04/2015 | 31 | | TRANSCRIPT of Proceedings for Motion Hearing held on 7/17/2015. Court Reporter: Sandra Bailey, Telephone # 603−225−1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90−day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. <br><br> **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** <br><br> Redaction Request Follow Up 8/28/2015. Redacted Transcript Follow Up 9/8/2015. Release of Transcript Restriction set for 11/2/2015.(vln) (Entered: 08/04/2015) |
| 09/24/2015 | 32 | 12 | **///ORDER granting 18 Motion for Summary Judgment; denying 19 Motion for Summary Judgment. So Ordered by Judge Paul J. Barbadoro.(jna)** (Entered: 09/24/2015) |
| 09/24/2015 | 33 | 29 | **JUDGMENT is hereby entered in accordance with 32 Order on Motion for Summary Judgment. Signed by Daniel J. Lynch, Clerk of Court. *(Case Closed)* (vln)** (Entered: 09/24/2015) |
| 09/30/2015 | | | NOTICE – The Administrative Record returned to filing party. (vln) (Entered: 09/30/2015) |
| 10/15/2015 | 34 | 10 | NOTICE OF APPEAL as to 32 Order on Motion for Summary Judgment, 33 |

| | | | |
|---|---|---|---|
| | | | Judgment by Sig Sauer, Inc.. (No fee paid, USA or IFP.) [NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the Forms &Notices section of the First Circuit website at www.ca1.uscourts.gov, MUST be completed and submitted to the U.S. Court of Appeals for the First Circuit.]<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** (Villano, Kenton) (Entered: 10/15/2015) |
| 10/16/2015 | | | Notice of Appeal Fee paid: $505.00 (credit card), receipt number 14649012536 re: 34 Notice of Appeal. (lml) (Entered: 10/16/2015) |
| 10/16/2015 | 35 | 9 | Appeal Cover Sheet as to 34 Notice of Appeal, filed by Sig Sauer, Inc. (vln) (Entered: 10/16/2015) |
| 10/16/2015 | 36 | 30 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 32–36, re 34 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(vln) (Entered: 10/16/2015) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET

1.      D.C.# Civil No. 14-cv-00147-PB                                    C.C.A.#

2.      TITLE OF CASE:   Sig Sauer, Inc. v. United States Alcohol, Tobacco, Firearms and
Explosives, Director

3.      NAME OF COUNSEL FOR APPELLANT(S):
        See certified copy of docket (ECF registered users not provided with a copy of docket)

4.      NAME OF COUNSEL FOR APPELLEE(S):
        See certified copy of docket (ECF registered users not provided with a copy of docket)

5.      NAME OF JUDGE: Paul Barbadoro, United States District Judge

6.      COURT REPORTER(S) & DATES:
        Sandra Bailey, July 17, 2015 - Motion Hearing

        TRANSCRIPTS ORDERED / ON FILE            YES

7.      HEARING / TRIAL EXHIBITS                  N/A

8.      COURT-APPOINTED COUNSEL                   NO

9.      FEE PAID                                  YES

10.     IN FORMA PAUPERIS                         NO

11.     MOTIONS PENDING                           NO

12.     GUIDELINES CASE                           NO

13.     RELATED CASES ON APPEAL                   NO

        C.C.A. # (IF AVAILABLE):

        DATE OF LAST N OF A:

14.     SPECIAL COMMENTS:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| SIG SAUER, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-00147-PB |
| | ) | |
| THOMAS E. BRANDON, Acting Director, | ) | |
| Bureau of Alcohol, Tobacco, Firearms | ) | |
| and Explosives, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF APPEAL**

Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, notice is hereby given

that SIG SAUER, Inc., Plaintiff in the above named case, appeals to the United States Court of

Appeals for the First Circuit from the Final Judgment entered in this action on the twenty fourth

day of September, 2015.

Respectfully submitted,

SIG SAUER, INC.

By its attorneys,

McLANE, GRAF, RAULERSON & MIDDLETON,
PROFESSIONAL ASSOCIATION

Date: October 15, 2015

By:_____/s/ Stephen P. Halbrook_____
Stephen P. Halbrook, *Pro hac vice*
Suite 403
3925 Chain Bridge Road
Fairfax, Virginia 22030
(703) 352-7276
protell@aol.com

_____/s/ Mark C. Rouvalis_____
Mark Rouvalis, NH Bar No. 6565
900 Elm Street, P.O. Box 326
Manchester, New Hampshire 03105
(603) 625-1329
mark.rouvalis@mclane.com


_____/s/ Kenton J. Villano_____
Kenton J. Villano, No. 21220
900 Elm Street, P.O. Box 326
Manchester, New Hampshire 03105
(603) 628-1180
kenton.villano@mclane.com

## **Certificate of Service**

I hereby certify that on this 15th day of October, 2015, I served the foregoing document electronically through ECF to the following counsel of record.

| | |
|---|---|
| T. David Plourde | William J. Ryan |
| Chief, Civil Division | Special Assistant U.S. Attorney |
| United States Attorney's Office | Office of Chief Counsel |
| District of New Hampshire | District of New Hampshire |
| Concord, NH 03301 | Bureau of Alcohol, Tobacco, Firearms and |
| (603) 230-2538 | Explosives |
| david.plourde@usdoj.gov | 244 Needy Road, Room 1119 |
| | Martinsburg, WV 25405 |
| | (304) 260-1509 |
| | William.j.ryan2@usdoj.gov |


_____/s/ Kenton J. Villano_____
         Kenton J. Villano
         NH Bar No. 21220

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Sig Sauer, Inc.</u>

        **v.**

<u>B. Todd Jones, Director,</u>
<u>Bureau of Alcohol, Tobacco,</u>
<u>Firearms and Explosives</u>

Case No. 14-cv-147-PB
Opinion No. 2015 DNH 184

<u>**MEMORANDUM AND ORDER**</u>

    The National Firearms Act ("NFA") imposes strict
registration requirements and a special tax on anyone who makes,
sells, or possesses certain dangerous weapons such as machine
guns, short-barreled rifles and silencers.  26 U.S.C. §§ 5801-
72.  Sig Sauer, Inc. plans to produce and sell a rifle with a
silencer component known as a "monolithic baffle core" that is
permanently affixed to the barrel of the rifle.  It contends
that the baffle core is exempt from registration under the NFA
because it does not meet the statutory definition of a silencer.
The Bureau of Alcohol, Tobacco, and Firearms ("ATF") rejected
Sig Sauer's argument in an informal adjudicatory proceeding and
instead concluded that the baffle core should be treated as a
silencer under the NFA.  18 U.S.C. § 921(a)(24).  The issue this
case presents is whether the AFT's determination was "arbitrary,
capricious, an abuse of discretion, or otherwise not in

accordance of law" under the Administrative Procedure Act
("APA"), 5 U.S.C. § 706(2)(A).


I.     BACKGROUND

A.     Statutory Framework

The NFA applies to "particularly dangerous weapons," United
States v. Posnjak, 457 F.2d 1110, 1113 (2d Cir. 1972), including
shotguns with barrels less than 18 inches in length, rifles with
barrels less than 16 inches in length, machineguns, silencers,
and destructive devices.  26 U.S.C. § 5845(a) (defining
"firearm" for purposes of the NFA).  The NFA sets "rigorous
registration and taxation requirements for the dealers and
transferors of those weapons."  Posnjak, 457 F.2d at 1113.  For
example, each NFA firearm must be registered in a central
federal registry and bear a serial number.  26 U.S.C. §§ 5841,
5842.  The NFA also imposes a $200 tax on the making of an NFA
firearm and on each subsequent transfer of the firearm.  26
U.S.C. §§ 5811, 5821; see Posnjak, 457 F.2d at 1114.  Violations
of the NFA are punishable by substantial fines and imprisonment
for up to ten years.  26 U.S.C. § 5871.

The NFA adopts the definition of the term "firearm

silencer" used in the Gun Control Act ("GCA").[1]  18 U.S.C. §
921(a)(24) (GCA definition of silencer); 26 U.S.C. § 5845(a)
(incorporating GCA definition by reference).  Under the GCA, a
firearm silencer is defined as:

> [A]ny device for silencing, muffling, or diminishing
> the report of a portable firearm, including any
> combination of parts, designed or redesigned, and
> intended for use in assembling or fabricating a
> firearm silencer or firearm muffler, and any part
> intended only for use in such assembly or fabrication.

18 U.S.C. § 921(a)(24).  This definition broadly encompasses
both completed silencers and parts that can be used to produce
silencers.  Any combination of parts that is intended to be used
to produce a silencer will be deemed to be a silencer under both
the NFA and the GCA, and a single part can qualify if it is
"intended only for use" in a silencer.

B.   **Sig Sauer's Classification Request**

On April 4, 2013, Sig Sauer submitted a prototype firearm
to the ATF and sought confirmation that the prototype would not

---

[1] The GCA imposes its own licensing requirements on
manufacturers, importers, and dealers of silencers.  See 18
U.S.C. §§ 921(a)(3)(C), 923.  In addition to silencers, the GCA
also applies to "any weapon . . . which will or is designed to
or may readily be converted to expel a projectile by the action
of an explosive."  18 U.S.C. § 921(a)(3)(A).  Accordingly, the
GCA will apply to the rifle Sig Sauer plans to manufacture
regardless of whether the baffle core is considered a silencer.

be subject to registration under the NFA.[2]  <u>See</u> A.R. 790.[3]  As

proposed, the device combined a short-barreled rifle with a

monolithic baffle core[4] that Sig Sauer uses in producing

silencers. <u>See</u> A.R. 824. Sig Sauer explained in a letter

submitted with the prototype that it intended the baffle core to

serve as a muzzle brake[5] and not a silencer.  <u>See</u> A.R. 790 (doc.

no. 15).  It also asserted that its prototype would not be

subject to registration under the NFA as a short-barreled rifle

because the combined length of the prototype's barrel and the

---

[2] The ATF encourages firearms manufacturers to submit devices for
classification before they are offered for sale.  <u>See</u> Bureau of
Alcohol, Tobacco, Firearms and Explosives, National Firearms Act
Handbook 7.2.4 (2009), <u>available at</u>
https://www.atf.gov/firearms/national-firearms-act-handbook.  It
responds to classification requests with letter rulings that
represent "the agency's official position concerning the status
of the firearms under Federal firearms laws."  <u>Id.</u> at 7.2.4.1.
No statute or regulation requires either manufacturers to submit
devices for classification or the ATF to issue classification
letters.

[3]  The Administrative Record (doc. no. 15), filed conventionally
with the court on November 3, 2014, is hereafter referred to as
"A.R."

[4]  A monolithic baffle core is "an internal silencer part
consisting of a series of integral expansion chambers, baffles,
angled baffles, holes or slots designed to aid in diverting and
capturing hot gases created by the burning of propellant powder.
. . ."  A.R. 818 (citation and internal punctuation omitted).

[5] A muzzle brake is a device affixed to the end of a firearm that
redirects discharge gases to reduce recoil and unwanted muzzle
rise.  <u>See</u> A.R. 816.

baffle core was 16 inches, the minimum barrel length that is
sufficient to avoid classification as a short-barreled rifle.
Id.

The ATF responded to Sig Sauer's request by noting that the
baffle core was a silencer component and concluding, without
further explanation, that it qualified as a silencer under the
NFA because it was a part intended only for use in a silencer.
See A.R. 791-93.

Sig Sauer followed up several months later with a request
for reconsideration.  See A.R. 796-808.  In pressing its
request, Sig Sauer reiterated its statement that it intended the
baffle core to serve as a muzzle brake rather than a silencer.
See A.R. 796.  It also submitted sound testing data for the
prototype that showed that the baffle core did not reduce the
sound of a firearm discharge when used without an outer tube.
See A.R. 797.  Finally, Sig Sauer produced evidence supporting
its claim that the baffle core functioned as a muzzle brake, and
it identified several other devices that are manufactured and
sold as muzzle brakes which, it argued, were similar to the
baffle core. See A.R. 798.

The ATF responded with a one-page letter again stating
without explanation that the baffle core was a "silencer"
because it was "a part intended only for use in the assembly or

5

fabrication of a silencer." A.R. 809.

Sig Sauer filed its complaint in this court on April 7, 2014. On June 9, 2014, the parties filed a joint motion to stay the litigation to permit the ATF to reassess its determination that the baffle core qualified as a silencer under the NFA. Doc. No. 9. Shortly thereafter, Sig Sauer submitted a second version of the prototype that was substantially similar to the original prototype except that the hand guard on the barrel of the rifle was in a different position. See A.R. 822 (comparing the two prototypes).

Sig Sauer received a letter from the ATF on August 13, 2014 reaffirming its initial determination. A.R. 810-29. In explaining its position, the ATF dismissed Sig Sauer's sound testing evidence by explaining that a silencer part can qualify as a silencer regardless of whether, by itself, it reduces the sound of a firearm discharge. A.R. 813. The ATF addressed Sig Sauer's contention that it intended the baffle core to serve as a muzzle brake rather than a silencer by noting that although a manufacturer's statement of intention is relevant in determining whether a part is intended only for use in a silencer, it is not dispositive. A.R. 813-14. It then went on to consider other evidence that led it to conclude that the baffle core was intended only for use in a silencer. In particular, it noted

6

that the design features of the baffle core were indicative of
its use as a silencer component rather than as a muzzle brake.
For example, it concluded that the baffle core more closely
resembled a silencer part in size and dimension than a muzzle
brake.  A.R. 818-21.  Finally, the ATF responded to Sig Sauer's
contention that the baffle core must be treated as a muzzle
brake because it actually functioned as a muzzle brake by noting
that the mere fact that a part could incidentally serve a
particular function does not establish that it is intended to
serve that function.  A.R. 824-25.

Sig Sauer responded to the ATF on September 18, 2014.  See
A.R. 858.  With that response, it submitted a declaration from
one of its design engineers explaining that Sig Sauer chose a
device that was longer than other muzzle brakes because the
longer muzzle brake was needed to bring the combined length of
the rifle barrel and the muzzle brake to 16 inches, which
prevented the rifle from being subject to registration under the
NFA as a short-barreled rifle.  A.R. 859.  The design engineer
also discussed testing that showed that the baffle core is an
effective muzzle brake.  A.R. 866.

On October 2, 2014, the ATF reaffirmed its decision in a
one-page letter.  A.R. 885.  It stated that it "considered
numerous factors in classifying [Sig Sauer's] submission,

including [Sig Sauer's] purported intended use of the item."
Id. Nonetheless, it concluded that the part was a silencer
component and Sig Sauer's "alleged alternate use . . . does not
remove it from regulation under Federal law."  Id.

Sig Sauer filed an amended complaint on October 6, 2014.
Doc. No. 11.  The parties subsequently filed cross motions for
summary judgment.  See Doc. Nos. 18, 19.


## II.   STANDARD OF REVIEW

Summary judgment is warranted when the record reveals "no
genuine dispute as to any material fact and the movant is
entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(a).  This standard was developed to provide parties with a
way to avoid the delay, expense, and uncertainty of a trial when
material facts are not in dispute.  Because a court may not
engage in fact finding when it decides a summary judgment
motion, ambiguous evidence, even if it is undisputed, ordinarily
must be construed in favor of the nonmoving party.  See Estrada
v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010).

In administrative law cases, however, "[t]his rubric has a
special twist."  Associated Fisheries of Me., Inc. v. Daley, 127
F.3d 104, 109 (1st Cir. 1997).  If the decision will be based on
the administrative record, the issue before the court will

ordinarily be the legal question as to whether the agency's action was "arbitrary, capricious, or otherwise contrary to law."  Id.  In making this determination, an agency's factual findings are entitled to deference regardless of which party has moved for summary judgment.  Thus, the usual rules that describe how the court must construe the summary judgment record do not apply.  See Innovator Enters., Inc. v. Jones, 28 F.Supp.3d 14, 20 (D.D.C. 2014) ("[T]he standard set forth in Rule 56(a) does not apply because of the limited role of a court in reviewing the administrative record.").  Instead, "[t]he entire case on review is a question of law." Am. Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (internal quotation omitted); see also Univ. Med. Ctr. of S. Nev. v. Shalala, 173 F.3d 438, 440 n.3 (D.C. Cir. 1999) ("[T]he question [of] whether [an agency] acted in an arbitrary and capricious manner is a legal one which the district court can resolve on the agency record . . . .").[6]

---

[6] The APA authorizes judicial review of "final agency action." 5 U.S.C. § 704.  Informal adjudication can qualify as final agency action if the agency has completed its decision making and no other adequate judicial remedy exists.  Butte Cnty v. Hogan, 613 F.3d 190, 194 (D.C. Cir. 2010).  In the present case, the parties agree that the ATF's classification ruling is final agency action reviewable under the APA.  Tr. at 11-12 (Doc. No. 31).

### III.   ANALYSIS

Sig Sauer claims that the ATF made an egregious error when it concluded that the baffle core is subject to the NFA as a silencer.  Although Sig Sauer's arguments are somewhat difficult to disentangle, it appears to claim both that the ATF used an incorrect legal standard in making its decision and that it acted arbitrarily even if it used the correct standard.  Because the standards of review that govern these two arguments differ, I deal with them separately.

### A.   Did the ATF Base its Classification Ruling on Correct Legal Standard?

Sig Sauer first argues that the ATF incorrectly used a purely objective test to determine whether the baffle core was intended only for use in a silencer, rather than the subjective test mandated by the First Circuit's decision in United States v. Crooker, 608 F.3d 94, 97 (1st Cir. 2010).[7]

In Crooker, the First Circuit considered whether a silencer designed for an air gun was a firearm silencer under the GCA because it was a "device for silencing" a firearm.  Id. at 96-97.  As I have explained, the applicable definition includes

_____

[7]  In responding to this argument, I assume for purposes of analysis that the ATF's interpretation of the NFA is entitled to deference only to the extent that it has the "power to persuade."  See, e.g., Innovator Enters., Inc. v. Jones, 28 F.Supp.3d 14, 22 (D.D.C. 2014) (applying Skidmore deference rather than Chevron deference to a classification ruling).

10

"any device for silencing" a firearm, any combination of parts "intended for use" in assembling a silencer, and any part "intended only for use" in a silencer.  18 U.S.C. § 921(a)(24). Although "a device for silencing" does not use the word "intended" - as the other two parts of the definition do - the First Circuit nonetheless held that the government was required to show that the defendant, who had directed the creation of the home-made device, "had a purpose to have the device function as a firearm silencer."  Id. at 99.  In reaching this determination, the court commented on the tripartite structure of the silencer definition and suggested that "it is as easy (perhaps easier) to view all three tests as gradations of purpose made more rigorous as the statute extends from a self-sufficient device to a collection of parts to a single part." Id. at 97.  Thus, the court embraced a subjective test when construing the silencer definition, where the subjective intent requirement applies most "rigorously" to single silencer parts.

Sig Sauer argues that the ATF's classification decision is incompatible with Crooker because the agency allegedly used a purely objective test to determine whether the baffle core was intended only for use in a silencer.  Because I conclude that the ATF applied the proper subjective intent test, I disagree. In reaching its decision, the ATF stated that "[w]hen

11

classifying a part as a firearm silencer, the statute imposes an

intent requirement.  Therefore, the manufacturer's stated intent

for the part is clearly relevant."  A.R. 814.  Although it also

noted that "the objective design features of the part must

support the stated intent," id., ATF did so merely to explain

why it was not obligated to defer to a manufacturer's statement

of intention when that statement is contradicted by objective

evidence.  If, as Sig Sauer argues, the ATF had used a purely

objective test to classify the baffle core, it would have had no

reason to consider Sig Sauer's subjective intentions because the

agency's classification decision would necessarily turn on

purely objective factors.  In contrast, the fact that the ATF

looked to objective evidence when evaluating Sig Sauer's

statement of intention does not mean that it was using an

objective test because objective evidence is always relevant in

determining whether to accept a statement of subjective

intention.[8]  Accordingly, I am unpersuaded by Sig Sauer's claim

---

[8] By considering objective evidence when reviewing a
manufacturer's stated intent, ATF legitimately sought to avoid
the "absurd result" of "[f]ederal regulation of only those
firearms silencer parts that the manufacturer wanted to market
as such, while leaving other firearm silencer parts completely
unregulated." A.R. 814. By looking exclusively to subjective
evidence, a manufacturer could, for example, "market silencers
as 'flash hiders' or other devices simply by claiming that . . .
they are not intended only to diminish the report of a portable
firearm." Id.

that the classification ruling was inappropriately based on a
purely objective test.[9]

## B.   <u>Was the Classification Ruling Arbitrary or Capricious?</u>

Sig Sauer also argues that the ATF's classification ruling,
that Sig Sauer intended the baffle core only as a silencer part,
was arbitrary and capricious even if it was based on a
permissible construction of the NFA.

Agency actions are entitled to substantial deference under
the arbitrary and capricious standard.[10]  Although an agency
decision will be deemed to be arbitrary and capricious if "the
agency has relied on factors which Congress has not intended it
to consider, entirely failed to consider an important aspect of
the problem, offered an explanation for its decision that runs
counter to the evidence before the agency, or is so implausible

---

[9] To bolster its statutory interpretation argument, Sig Sauer
invokes the rule of lenity, a rule of statutory interpretation
that requires courts to resolve ambiguities in criminal
statutes, like the NFA, in the defendant's favor. See <u>United
States v. Thompson/Center Arms Co.</u>, 504 U.S. 505, 517-18 (1992);
Doc. No. 19-1, at 18-23. Sig Sauer seemingly argues here that
the rule of lenity demands that I read the NFA's "intended only
for" language to create a subjective intent test. <u>Id.</u> at 22.
Because I conclude that the ATF in fact used a subjective test,
I need not determine whether such a test is required by the rule
of lenity.

[10] Sig Sauer agreed, at oral argument, that ATF's action here is
subject to arbitrary and capricious review. Tr. at 12-13 (Doc.
No. 31).

that it could not be ascribed to a difference in view or the product of agency expertise," a reviewing court may not "substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).  Instead, if the agency has properly considered the problem, its decision must be upheld if it is "supported by any rational view of the record." Atieh v. Riordan, No. 14-1947, 2015 WL 4855786, at *2 (1st Cir. Aug. 14, 2015).

In the present case, the ATF acted rationally in concluding that Sig Sauer intended the baffle core to be used only as a silencer part because the agency pointed to substantial evidence in the record to support its determination.  First, it is undisputed that the baffle core is an essential silencer component.  Tr. at 55-56 (Doc. No. 31).  It is, in fact, identical in design and dimension to the baffle core contained inside a removable Sig Sauer silencer. A.R. 824; see also Tr. at 55-56 (Sig Sauer's counsel conceding that Sig Sauer has "basically taken the cap off [its] silencer . . . welded it into the gun, and [marketed the baffle core] as a muzzle brake").  Second, Sig Sauer proposed to attach the baffle core to a pistol caliber rifle, which the ATF determined did not need a muzzle brake to function effectively.  A.R. 818.  Third, the ATF

14

examined other muzzle brakes on the market and concluded that
the baffle core was unlike other conventional muzzle brakes
because it included expansion chambers and was considerably
larger than the muzzle brakes that are already available for
sale.  A.R. 818-21.  Finally, it noted that muzzle brakes are
designed to be no larger than two to three inches, which is
considerably shorter than the baffle core, because a muzzle
blast discharges after two to three inches, making longer muzzle
brakes impractical.[11]  A.R. 822-23.  All of these observations
require expertise that is well within the ATF's grasp.  Thus,
its conclusions are entitled to substantial deference from a
reviewing court.  Marsh v. Or. Natural Res. Council, 490 U.S.
360, 378 (1989).

     Sig Sauer also argues that the ATF arbitrarily failed to
credit its test data, which shows that the baffle core will
actually function as a muzzle brake.  This argument misses the
mark because the ATF is not obligated to conclude that a

---

[11] Sig Sauer complains that the ATF failed to take note of the
fact that the baffle core's length would allow Sig Sauer to
market the rifle without special restrictions that are
applicable to rifles with a barrel less than 16 inches.  See
A.R. 873 (citing 18 U.S.C. § 921(a)(8), 26 U.S.C. § 5845(a)(3)).
However, Sig Sauer first raised this evidence in its September
18, 2014 request for reconsideration, after ATF had issued three
letters to Sig Sauer.  A.R. 869-70.  Despite Sig Sauer's
contrary contention, the ATF's ruling is not arbitrary or
capricious merely because it did not respond to an argument made
in the final stage of the process.

silencer part is intended to serve every function to which it could conceivably be put.  As the ATF noted, the baffle core is a heavy part that probably could function as a doorstop, but that does not mean that it is intended to serve that purpose. A.R. 814.[12]

Finally, Sig Sauer faults the ATF for inferring that Sig Sauer did not intend the baffle core to serve as a muzzle brake in part because its first prototype had a handguard placed in such a way that would make the muzzle core unusable as a muzzle brake because it would have "redirect[ed] hot gases onto the shooter's hand each time a projectile was fired."  A.R. 822. Although Sig Sauer argues that ATF should have examined only its second prototype – in which the hand guard did not cover any part of the device – the ATF was free to consider Sig Sauer's initial submission as evidence of its intended use even though Sig Sauer corrected this problem in the second prototype.

In summary, the ATF was presented with conflicting evidence as to whether Sig Sauer intended the baffle core to be used only as a silencer.  It considered the relevant evidence using the

---

[12]  Sig Sauer also complains that the ATF failed to account for sound testing data which shows that the baffle core does not, by itself reduce the sound of a firearm discharge.  The ATF met this contention by noting that whether a silencer part reduces the sound of a firearm discharge by itself is not determinative of whether it can be classified as a silencer.  A.R. 824.

correct legal standard and came to a rational conclusion based upon its expertise.  No more is required to sustain its decision.

## IV.  CONCLUSION

The ATF's classification of Sig Sauer's device as a firearm silencer was not "arbitrary, capricious, . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  Accordingly, I grant ATF's motion for summary judgment (doc. no. 18), and I deny Sig Sauer's motion for summary judgment (doc. no. 19).  The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

September 24, 2015

cc:  Stephen P. Halbrook, Esq.
     Kenton James Villano, Esq.
     Mark C. Rouvalis, Esq.
     T. David Plourde, Esq.
     William Ryan, Esq.

17

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>Sig Sauer, Inc.</u>

v.

Civil No. 14-cv-00147-PB

<u>US Bureau of Alcohol, Tobacco, Firearms and Explosives,
Director</u>


**J U D G M E N T**


In accordance with the Order by Judge Paul Barbadoro dated September 24, 2015,

judgment is hereby entered.


By the Court,


Daniel J. Lynch
Clerk of Court


Date: September 24, 2015



cc:    Stephen P. Halbrook, Esq.
       Kenton James Villano, Esq.
       Mark C. Rouvalis, Esq.
       T. David Plourde, Esq.
       William Ryan, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Sig Sauer, Inc.

v.                                    Civil No. 14-cv-00147-PB

US Bureau of Alcohol, Tobacco, Firearms and Explosives,
Director

CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS

I, Vincent Negron, Deputy Clerk of the United States District Court for the District of New Hampshire, do hereby certify that the following documents constitute the abbreviated record on appeal to the First Circuit Court of Appeals:

DOCUMENTS NUMBERED:   32-36

The Clerk's Office hereby certifies the record and docket sheet available through ECF to be the certified record and the certified copy of the docket entries.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Concord, in said District, on this day, October 16, 2015

FCP IGN'I0N[ PEJ , Clerk

By: /s/ Vincent Negron, Deputy Clerk
Oct 16, 2015

cc:        Counsel of Record